■ JANET NAGER, Respondent-Appellant, v ARNOLD H. NAGER, Appellant-Respondent.—In an action in which plaintiff was awarded a divorce by

a judgment of the Supreme Court, Queens County, dated July 16, 1973, the appeals are from the judgment and from two orders of the same court, dated September 30, 1974 and March 18, 1975, respectively. As to the judgment (1) plaintiff appeals, as limited by her notice of appeal and brief, from so much thereof as (a) awarded her alimony of $65 per week and child support of $75 per week and (b) ordered that she reconvey certain property in Corona, New York, to defendant; and (2) defendant appeals, as limited by his notice of appeal and brief, from so much thereof as (a) awarded alimony and child support in the above amounts, (b) dismissed his second counterclaim, which was to impress a constructive trust on certain property in Beechhurst, New York, and for the reconveyance of said property to him and (c) failed to permit entry of a money judgment in his favor after plaintiff's sale of the Corona, New York, real property. As to the order dated September 30, 1974, both parties appeal (defendant as limited by his brief) from so much thereof as denied the parts of their separate motions which were to change the amounts of the alimony and child support payments. The order dated March 18, 1975, denied defendant's motion to resettle the order of September 30, 1974, so as to permit entry of a money judgment in his favor in the event plaintiff does not, within a stated period, remit to him an amount representing the net sale price of the Corona property less arrears, and defendant appeals therefrom. Judgment and orders affirmed insofar as appealed from, without costs and without prejudice to an application by defendant to Special Term to determine the portion of the net proceeds of sale of the Corona property to which he is entitled. Defendant established by clear, unequivocal and convincing evidence that plaintiff took title to the Corona property with the oral understanding that she would reconvey that property to him upon demand (cf. *Schmitz v Schmitz,* 234 App Div 73). Defendant failed to meet that burden of proof with regard to the Beechhurst property. Consequently, the trial court correctly directed plaintiff to reconvey to defendant only the Corona property or pay to him its fair market value. Prior to the entry of judgment, however, plaintiff sold the Corona property, allegedly in reliance upon an oral decision designating her as the title owner. Further, upon defendant's motion that she be compelled to pay him the fair market value of the property, plaintiff established that the net proceeds of sale were substantially below the sale price and that defendant owed her significant sums as arrears on orders for alimony, child support and counsel fees. In view of defendant's concession that he was, in fact, in arrears, Special Term properly directed plaintiff to pay defendant the net proceeds of the sale, less arrears. There being a material conflict as to the amount of defendant's outstanding obligations to plaintiff, Special Term properly refused to fix the sum owing defendant from the net proceeds upon the motion to resettle the order of September 30, 1974. We have examined the parties' contentions relative to Special Term's refusal to modify the awards of alimony and child support and hold them to be without merit. Martuscello, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.